**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 03-2388**

———————————

SARAH FUTCH HALL, d/b/a Travel Specialist, on
behalf of themselves and all others similarly
situated; JEANINE FLAUGHER, d/b/a Flowers
Travel; ASSOCIATION OF RETAIL TRAVEL AGENTS,

                                        Plaintiffs - Appellants,


        and


PEOPLES TRAVEL LIMITED; JOHN FLAUGHER, d/b/a
Flowers Travel; LANEY INTERNATIONAL TRAVEL;
TRAVEL MANAGEMENT PROFESSIONALS, INCORPORATED,
d/b/a Travel Is Fun,

                                        Plaintiffs,


        versus


AMERICAN    AIRLINES,    INCORPORATED;    DELTA
AIRLINES, INCORPORATED; NORTHWEST AIRLINES,
INCORPORATED;   CONTINENTAL   AIRLINES,   INC.;
MIDWEST   EXPRESS   AIRLINES,   INCORPORATED;
AIRTRAN HOLDINGS, INCORPORATED; AMERICAN WEST
AIRLINES,   INCORPORATED;   FRONTIER   AIRLINES,
INCORPORATED; ALASKA AIR GROUP, INCORPORATED;
ALASKA AIRLINES, INCORPORATED; HORIZON AIR
INDUSTRIES, INCORPORATED; SOCIETE AIR FRANCE;
KLM ROYAL DUTCH AIRLINES,

                                        Defendants - Appellees,


        and


UNITED AIRLINES, INCORPORATED; DELTA AIRLINES
GLOBAL SERVICES, INCORPORATED; U.S. AIRWAYS,
INCORPORATED; TRANS WORLD AIRLINES; MIDWAY

AIRLINES CORPORATION; AIRTRAN AIRLINES,
INCORPORATED; DEUTSCHE LUFTHANSA AG; ALITALIA,
SPA; AIR CANADA,

                                              Defendants.

                    _____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  W. Earl Britt, Senior
District Judge.  (CA-00-123-BR)

                    _____

Argued:  October 27, 2004          Decided:  December 9, 2004

                    _____

Before MOTZ and TRAXLER, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

                    _____

Affirmed by unpublished per curiam opinion.

                    _____

**ARGUED:** Daniel Rees Shulman, GRAY, PLANT, MOOTY, MOOTY & BENNETT,
P.A., Minneapolis, Minnesota, for Appellants.  Lee H. Simowitz,
BAKER & HOSTETLER, L.L.P., Washington, D.C., for Appellees.  **ON
BRIEF:** Dean C. Eyler, GRAY, PLANT, MOOTY, MOOTY & BENNETT, P.A.,
Minneapolis, Minnesota; Henry L. Anderson, Jr., A. L. Butler
Daniel, Bradley A. Coxe, ANDERSON, DANIEL & COXE, Wrightsville
Beach, North Carolina, for Appellants.  Gary J. Rickner, WARD AND
SMITH, P.A., New Bern, North Carolina; Ronald F. Wick, Eric Berman,
BAKER & HOSTETLER, L.L.P., Washington, D.C., for Northwest
Airlines, Inc., KLM Royal Dutch Airlines, Continental Airlines,
Inc., Delta Air Lines, Inc., American Airlines, Inc., and Societe
Air France.  James V. Dick, Marshall S. Sinick, SQUIRE, SANDERS &
DEMPSEY, L.L.P., Washington, D.C., for Alaska Air Group, Inc.,
Alaska Airlines, Inc., and Horizon Air Industries, Inc.  Thomas W.
Rhodes, Edward H. Wasmuth, Jr., SMITH, GAMBRELL & RUSSELL, L.L.P.,
Atlanta, Georgia, for AirTran Holdings, Inc.  Peter Huston, J.
Thomas Rosch, LATHAM & WATKINS, L.L.P., San Francisco, California,
for America West Airlines, Inc.  John D. Shively, Heather T.
Perkins, FAEGRE & BENSON, L.L.P., Denver, Colorado, for Frontier
Airlines, Inc.  Robert P. Silverberg, SILVERBERG, GOLDMAN & BIKOFF,
L.L.P., Washington, D.C.; Pressly M. Millen, WOMBLE, CARLYLE,
SANDRIDGE & RICE, P.L.L.C., Raleigh, North Carolina, for Midwest
Express Airlines, Inc.

                    _____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

This is a nationwide class action lawsuit by travel agents (the Travel Agents) against numerous foreign and domestic airlines.[1] The Travel Agents claim the defendant-airlines illegally conspired and executed a scheme to reduce and ultimately eliminate travel-agent-base-commissions on the sale of domestic and international airline tickets in a concerted effort to boost profits of the defendant-airlines and to force them (the Travel Agents) out of business, all in violation of § 1 of the Sherman Antitrust Act (the Sherman Act), 15 U.S.C. § 1. The Travel Agents allege the conspiracy began in 1995 and ended by late summer 2002.

Since the initial filing of this action on June 21, 2000, it has been dismissed, on varying grounds, against Alitalia, Delta Air Lines Global Services, Inc., Midway, and Lufthansa. The action has also been stayed against Air Canada, TWA, United, and US Airways, based upon notices of bankruptcy filed by those airlines.

---

[1]The defendant-airlines in this action are: Air Canada; Airtran Holdings, Inc. (Airtran); Alaska Air Group, Inc., Alaska Airlines, Inc., and Horizon Air Industries, Inc. (collectively Alaska); Alitalia, SPA (Alitalia); America West Airlines, Inc. (America West); American Airlines (American); Continental Airlines, Inc. (Continental); Delta Air Lines (Delta); Delta Air Lines Global Services, Inc.; Deutsche Lufthansa AG (Lufthansa); Frontier Airlines, Inc. (Frontier); KLM Royal Dutch Airlines (KLM); Midway Airlines, Corp. (Midway); Midwest Express Airlines, Inc. (Midwest Express); Northwest Airlines, Inc. (Northwest); Societe Air France (Air France); Trans World Airlines, Inc. (TWA); United Airlines, Inc. (United); and US Airways, Inc. (US Airways).

The case proceeded against the remaining defendant-airlines (hereinafter collectively the Airlines): Airtran, Air France, Alaska, America West, American, Continental, Delta, Frontier, KLM, Midwest Express, and Northwest. After full discovery, the Airlines moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. See Fed. R. Civ. P. 56.

On October 30, 2003, in a lengthy published opinion, the district court examined the Travel Agents' proffered evidence against the Airlines and found no triable issue of fact. Hall v. United Airlines, Inc., 296 F. Supp. 2d 652 (E.D.N.C. 2003). Accordingly, the district court granted summary judgment in favor of the Airlines. Notably, the district court directed the clerk of court to enter final judgment in favor of the Airlines pursuant to Federal Rule of Civil Procedure 54(b), which allows a district court to order the entry of final judgment as to less than all parties and all claims in an action when there is no just reason for delay.[2] See Fed. R. Civ. P. 54(b). The Travel Agents noted a timely appeal of this final judgment.

We review the grant of summary judgment de novo. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate "if the pleadings, depositions,

---

[2]Here, the district court specifically found there was no just reason to delay the entry of final judgment with respect to the Airlines to await the conclusion of bankruptcy proceedings against Air Canada, TWA, United, and US Airways.

answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Moreover, in assessing the merits of a motion for summary judgment, we view the evidence in the light most favorable to the non-moving party, here the Travel Agents, and draw all reasonable inferences in the non-moving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Section 1 of the Sherman Act provides, in pertinent part, that "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal." 15 U.S.C. § 1. Therefore, to establish a conspiracy in restraint of trade in violation of § 1 of the Sherman Act, as the Travel Agents have alleged, "a plaintiff must show: (1) a contract, combination or conspiracy; (2) that imposed an unreasonable restraint of trade." American Chiropractic Assn., Inc. v. Trigon Healthcare, Inc., 367 F.3d 212, 223 (4th Cir. 2004) (internal quotation marks omitted). Significantly, purely unilateral action does not violate § 1 of the Sherman Act. Copperweld Corp. v. Independence Tube Corp., 467 U.S. 752, 767-68 (1984). Rather, concerted activity between at least two legally distinct persons or entities is at the heart of a § 1 Sherman Act violation. American Chiropractic Assn.,

- 7 -

Inc., 367 F.3d at 223.  To elaborate, "concerted activity susceptible to sanction by section 1 is activity in which multiple parties join their resources, rights, or economic power together in order to achieve an outcome that, but for the concert, would naturally be frustrated by their competing interests (by way of profit-maximizing choices)."  Virginia Vermiculite, Ltd. v. Historic Green Springs, Inc., 307 F.3d 277, 282 (4th Cir. 2002).

We have carefully reviewed and considered the district court's opinion, the voluminous appellate record, and the parties' oral and written appellate arguments.  We agree with the district court that the Travel Agents have not proffered sufficient evidence, when viewed in the light most favorable to them and when drawing all reasonable inferences in their favor, to support a finding of concerted activity by the Airlines, which finding is necessary to establish a § 1 Sherman Act violation.  Accordingly, we find no error in the district court's decision to grant summary judgment in favor of the Airlines, and we affirm entry of final judgment in favor of the Airlines on the reasoning of the district court.  See Hall, 296 F. Supp. 2d at 661-78, 680-81.

AFFIRMED